```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Leah Boyd and Glenda
Castleberry

    v.                                        Civil No. 18-cv-253-JL
                                                    Opinion No. 2018 DNH 102

Wells Fargo Bank, N.A.


**SUMMARY ORDER**

    This is Leah Boyd's third action challenging the foreclosure on a home in Somersworth, New Hampshire.[1] Boyd and her mother, Glenda Castleberry, proceeding pro se, sued the mortgage-holder and servicer of the mortgage secured by her home, Wells Fargo Bank, N.A., in Strafford County Superior Court. The defendant removed the action to this court, see 28 U.S.C. § 1441, which has jurisdiction under 28 U.S.C. § 1332 (diversity). The defendant then moved to dismiss Boyd's complaint. Boyd filed no objection. The court dismisses Boyd's complaint as barred by the doctrine of claim preclusion and for failure to state a claim for relief, see Fed. R. Civ. P. 12(b)(6).

---

[1] See Boyd v. Wells Fargo Bank, N.A., 2016 DNH 156 (dismissing Boyd's complaint for failure to state a claim for relief against Wells Fargo); Castleberry v. Wells Fargo Home Mortg., 2017 DNH 240 (same).

The court set forth the facts germane to Boyd's claims, drawn from her complaints and construed in her favor, see Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010), in its previous two orders.[2] It does not repeat them here. Boyd pleads no new facts in her most recent complaint. Instead, Boyd merely repeats claims already raised before, and dismissed by, this court.

**Claim preclusion.** The doctrine of claim preclusion (also called res judicata) bars a party from relitigating claims that were or could have been addressed in a prior action, and applies when: "(1) there is a final judgment on the merits of an earlier action, and (2) there is identity of the parties and (3) identity of the claims in both suits." Reppert v. Marvin Lumber & Cedar Co., 359 F.3d 53, 56 (1st Cir. 2004). All three elements are satisfied here.

The parties in this action are identical to the parties in Castleberry: Boyd and Castleberry, the plaintiffs in this action, brought that suit against Wells Fargo, the defendant in this action. Castleberry, 2017 DNH 240. The claims in this action are also identical to the claims raised in Boyd's 2017 action:

---

[2] See Boyd, 2016 DNH 156, 1-3; Castleberry, 2017 DNH 240, 2-4.

- Boyd alludes to loan modification discussions with Wells Fargo. The court previously construed these allegations as a claim for breach of the implied covenant of good faith and fair dealing. See Castleberry, 2017 DNH 240, 5-6. Because the plaintiffs concede default, and because "New Hampshire imposes no duty to forebear from foreclosure in the face of default," Frangos v. Bank of Am., N.A., No. 13-CV-472-PB, 2014 WL 3699490, at *4 (D.N.H. July 24, 2014), the court dismissed that claim. Castleberry, 2017 DNH 240, 6.
- Boyd also requests time to gather the paperwork necessary to demonstrate that her interest in the property is clear of Wells Fargo's mortgage interest. As the court has previously explained in dismissing her prior complaints, she took any interest in the property subject to the mortgage. Id. at 6-7. Accordingly, the court dismissed this claim, which the court construed as one to quiet title to the property. Id. at 7.

Finally, the court dismissed these claims, with prejudice, under Federal Rule of Civil Procedure 12(b)(6), after giving the plaintiffs additional time to respond to Wells Fargo's motion and to substantiate their claims, and after holding oral

3

argument, which Boyd attended.  Castleberry, 2017 DNH 240.
Dismissal for failure to state a claim operates as a final
adjudication on the merits for claim preclusion purposes.  See
Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 388 (1st Cir.
1994).  Accordingly, the doctrine of claim preclusion bars Boyd
and Castleberry from relitigating these claims.

**Failure to state a claim for relief**.  Even were Boyd's
claims for breach of the implied covenant of good faith and fair
dealing and to quiet title not barred by the doctrine of claim
preclusion, she has yet again failed to state a claim for relief
for the reasons explained this court's order in Castleberry,
2017 DNH 240.

She has also failed to state a claim for tortious
interference with contractual relations.[3]  Boyd alleges in this
action that Wells Fargo has notified her tenants about upcoming
foreclosure proceedings, causing her tenants to cease paying
rent.  "To establish liability for tortious interference with

---

[3] In Castleberry, Boyd included that allegation in her objection to the motion to dismiss, not in the complaint itself.  The court interpreted it as a claim for tortious interference with contract and afforded Boyd an opportunity to substantiate it. Castleberry, 2017 DNH 240, 8-9.  When Boyd failed to supplement her objection with substantiating facts or evidence, the court dismissed this claim.  Id. at 8.  It explicitly did not address the claim's merits, however.  Id. at 8 n.14.  As a result, the dismissal in Castleberry did not operate as a final adjudication on the merits of this claim for claim preclusion purposes.

4

contractual relations, a plaintiff must show that: '(1) the plaintiff had an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant intentionally and improperly interfered with this relationship; and (4) the plaintiff was damaged by such interference." City of Keene v. Cleaveland, 167 N.H. 731, 738 (2015) (quoting Hughes v. N.H. Div. of Aeronautics, 152 N.H. 30, 40-41 (2005)). "Mere interference, in itself, is legally insufficient to state a claim. Rather, '[o]nly *improper* interference is deemed tortious in New Hampshire.'" Kilty v. Worth Dev. Corp., 184 F. App'x 17, 19 (1st Cir. 2006) (quoting Roberts v. Gen. Motors Corp., 138 N.H. 532, 540 (1994)).

Boyd and Castleberry have not alleged any improper interference by Wells Fargo. They allege only that Wells Fargo notified their tenants about upcoming foreclosure proceedings -- notifications that Wells Fargo is obligated to provide under N.H. Rev. Stat. Ann. § 479:25. Under these circumstances, notifications mandated by New Hampshire law do not constitute improper interference. Accordingly, the plaintiffs have failed to state a claim for tortious interference with contractual relations.

**Conclusion.** Boyd's claims are barred by the doctrine of claim preclusion. To the extent they are not, for the reasons explained herein and in this court's order in Castleberry, 2017

5

[DNH 240](), they must be dismissed for failure to state a claim for relief.  The defendant's motion to dismiss the complaint[4] is therefore GRANTED.  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_/s/ Joe Laplante_
Joseph N. Laplante
United States District Judge

Dated:     May 17, 2018

cc:  Leah A. Boyd, pro se
     Glenda Castleberry, pro se
     David D. Christensen, Esq.

---

[4] Document no. [5]().